IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,808-01






EX PARTE MICAH MASON RENFRO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 4083-A IN THE 271ST JUDICIAL DISTRICT COURT


FROM JACK COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of intoxication
manslaughter and sentenced to five years' imprisonment. 

 Applicant contends, inter alia, that he was denied adequate notice that he would be
considered for release on mandatory supervision by the Texas Board of Pardons and Paroles under
the discretionary mandatory-supervision statute, Tex. Code Crim. Proc. art. 42.18, § 8(c). 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Retzlaff, 135
S.W.3d 45 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d), in that it shall order the Texas Department of Criminal Justice's
Office of General Counsel to file an affidavit stating if and when Applicant was provided with
written notice that he would be considered for release on mandatory supervision. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was afforded adequate
notice that he would be considered for release on mandatory supervision by the Texas Board of
Pardons and Paroles under the discretionary mandatory-supervision statute. Ex parte Retzlaff, 135
S.W.3d 45 (Tex. Crim. App. 2004). If Applicant was given the appropriate notice, the trial court
shall supplement the habeas record with copies of any such notice. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: May 14, 2008

Do not publish